IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | C O M P L A I N T |
| ANNA'S CARE, INC., | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Shiriece Hannah ("Hannah") and other similarly situated female employees, who were adversely affected by such practices. As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission (the "Commission") alleges that Defendant Anna's Care, Inc. ("Defendant") subjected Hannah and a class of similarly situated female employees to a sexually hostile work environment on the basis of their sex, female. The Commission further alleges that Defendant discharged Hannah in retaliation for her opposition to the sexual harassment, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been an employer doing business in the State of North Carolina and County of Onslow, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Shiriece Hannah filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On June 19, 2018, the Commission issued to Defendant a Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On August 6, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

Sexual Harassment

12. As described in greater detail below, from at least October 2016 through at least December 30, 2016, Defendant engaged in unlawful employment practices at its day program facility located in Jacksonville, North Carolina (the "Facility"), in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000(e)-2. Specifically, Defendant subjected Shiriece Hannah and a class of similarly situated female employees, to a sexually hostile work environment on the basis of their sex, female.

13. Defendant hired Hannah as a paraprofessional on or about December 9, 2016. At all relevant times, Hannah was assigned to work at the Facility.

14. On or about December 12, 2016, a male co-worker of Hannah (the "Co-Worker") began to make sexual comments and engage in sexual conduct toward Hannah. The sexual comments included, by way of example, asking Hannah if she was wearing panties. Each time such a comment was made, Hannah walked away from the Co-Worker and did not respond.

15. On or about December 30, 2017, Hannah was alone in an office. The Co-Worker entered the office and closed the door. When Hannah attempted to leave the office, the Co-Worker grabbed her arm and shoulder, leaned in close to her face, and tried to kiss her. Hannah was able to move away from the Co-Worker and left the office.

16. Once Hannah left the office, she went into the restroom and began to vomit because of the above incident with the Co-Worker. Hannah obtained permission to leave and left work because she was physically ill.

17. Hannah was next scheduled to work on January 3, 2017.

18. Around the time Hannah arrived at work on January 3, 2017, Hannah was called into a meeting with the Center Director and Human Resources Director ("HR Director"). During the January 3, 2017 meeting, Hannah reported the Co-Worker's sexual conduct of December 30, 2016.

19. Respondent did not intend to fire Hannah during the January 3, 2017 meeting.

20. Respondent sent Hannah home following Hannah's complaint in the January 3, 2017 meeting, and told her to return the following day so they (Hannah and Respondent) could resolve the situation.

21. When Hannah arrived at work on January 4, 2017, she met with the HR Director and the Assistant Director, who presented Hannah with a termination notice and told her she was being fired for being untrustworthy.

22. Rather than take appropriate action to correct the sexual harassment, Defendant fired Hannah in response to her complaint.

23. On information and belief, Defendant knew or should have known about the Co-Worker's unwelcome sexual behavior prior to the Co-Worker's sexual harassment of Hannah on December 30, 2016.

24. Defendant had previously disciplined the Co-Worker for inappropriate sexual conduct in the workplace in or about 2013.

25. Defendant hired Brenda Parker ("Parker") as a paraprofessional in or about October 2016. At all relevant times, Parker was assigned to work at the Facility.

26. In early October 2016 in the presence of a client, the Co-Worker approached Parker from behind and pulled her bra strap. The Co-Worker then walked around to the front of Parker and speculated about the size of her breasts.

27. In or about December 2016, while Parker was bending over a desk, the Co-Worker came up behind Parker and bumped into her hip with his hip.

28. In early January 2017, Defendant's owner asked Parker if she had been sexually harassed by the Co-Worker. Parker told Defendant's owner about the inappropriate sexual conduct and comments she was subjected to by the Co-Worker.

29. Defendant did not take any disciplinary action against the Co-Worker as a result of Hannah's or Parker's complaints about the Co-Worker.

30. On information and belief, the 2013 incident was not the only time prior to January 2017 that the Co-Worker had been accused of inappropriate sex-based conduct.

31. Defendant subjected Hannah, Parker and other similarly situated female employees to sexual harassment which created a hostile work environment based on their sex, female.

32. The effect of the practices complained of above has been to deprive Hannah, Parker, and a class of similarly situated female employees of equal employment opportunities and otherwise adversely affect their status as employees based on their sex, female.

33. The unlawful employment practices complained of above were intentional.

34. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Hannah, Parker, and a class of similarly situated female employees.

Retaliation

35. The allegations set forth above are incorporated as if set forth fully herein.

36. On January 4, 2017 Defendant engaged in unlawful employment practices at its day program facility in Jacksonville, North Carolina, in violation of Section 704 of Title VII, 42 U.S.C. §2000e-3, when it retaliated against Hannah for her opposition to practices made unlawful by Title VII, specifically her complaint about what she reasonably perceived to be sexual harassment.

37. On January 3, 2017, Hannah complained to Defendant's Center Director and HR Director that the Co-Worker was subjecting her, Hannah, to sexual harassment.

38. Defendant discharged Hannah on January 4, 2017, one day after Hannah engaged in protected activity.

39. Defendant discharged Hannah because of her complaint of sexual harassment.

40. The effect of the practices complained of above has been to deprive Shiriece Hannah of equal employment opportunities and otherwise adversely affect her status as an employee because of her opposition to practices made unlawful by Title VII.

41. The unlawful employment practices complained of above were intentional.

42. The unlawful employment practices complained of above were done with malice or with reckless indifference to Hannah's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from maintaining a sexually hostile environment and all other employment practices that discriminate based on sex.

B. Order Defendant to enforce its sexual harassment policy, thus providing protection to women and enabling women to seek equal employment opportunities.

C. Order Defendant to make Hannah whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described above, including but not limited to reinstatement or front pay.

D. Order Defendant to make Hannah, Parker, and a class of similarly situated females, whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, in amounts to be determined at trial.

E. Order Defendant to make Hannah, Parker, and a class of similarly situated females, whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights, and other non-pecuniary losses pain, in amounts to be determined at trial.

F. Order Defendant to pay punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 26th day of September, 2018.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, NE
Washington, D.C. 20507

/s/ *Lynette A. Barnes*
LYNETTE A. BARNES
Regional Attorney
(NC Bar 19732)

YLDA KOPKA (Ill Bar No. 6286627)
Supervisory Trial Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC 28202

/s/ *Holly Stiles*
HOLLY STILES
Trial Attorney
Raleigh Area Office
434 Fayetteville Street, Suite 700
Raleigh, N.C. 27601-1701
Phone: (919) 856-4148
Fax: (919) 856-4151

E-mail: holly.stiles@eeoc.gov
NC Bar No. 38930